

100 Park Avenue | Suite 2500
New York, New York 10017
Tel 212-453-5900 | Fax 212-453-5959

Writer's Direct Contact:

PHILIP K. DAVIDOFF
212-453-5915
pdavidoff@fordharrison.com

August 6, 2018

**BY ECF**

Margo K. Brodie, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  *Malancea v. Family Home Care Servs. of Brooklyn and Queens, Inc., 18-cv- 03261*
          *Pre-Motion Conference Request for Motion to Change Venue/Compel Arbitration*

Dear Judge Brodie:

We represent defendant Family Home Care Services of Brooklyn and Queens, Inc. ("Family Home Care") in this action by plaintiff Viorica Malancea ("Plaintiff" or "Malancea"). We respectfully request a pre-motion conference, pursuant to Your Honor's Individual Rules, concerning an anticipated motion to change venue, namely, to compel arbitration and stay litigation.

**1.**    **Plaintiff's Allegations**

Plaintiff was employed as a home health aide ("HHA") by Family Home Care from in or around August 2014 to in or around October 2016. Compl. ¶ 9. Plaintiff alleges that Family Home Care violated the Fair Labor Standards Act (Compl. ¶¶ 19-23) and New York Labor Law (Compl. ¶¶ 24-37) by failing to properly pay her overtime wages for work performed in excess of 40 hours in a work week, failing to pay spread of hours pay, failing to provide proper wage statements, and failing to pay total compensation under New York's Wage Parity Law ("WPL").

**2.**    **Grounds for Motion to Compel Arbitration**

A motion to compel arbitration requires a showing that there is a valid agreement between the parties to arbitrate, and the instant dispute falls within the scope of the arbitration agreement. *Hartford Acc. & Indem. Co. v. Swiss Reinsurance Am. Corp.*, 246 F.3d 219, 226 (2d Cir. 2001). Pursuant to the Federal Arbitration Act ("FAA"), when a party makes such showing, litigation should be stayed pending the arbitration. 9 U.S.C. § 3 (stay of proceedings where issues referable to arbitration).

Here, Family Home Care and 1199SEIU United Healthcare Workers East ("Union") entered into a collective bargaining agreement ("CBA") effective April 1, 2012 that recognized the Union as the "sole and exclusive collective bargaining representative of Home Health Aides and

Margo K. Brodie, U.S.D.J.
Page 2

Personal Care Aides I and II" and all such employees were required to pay Union dues as a condition of employment.

Under a memorandum of agreement dated December 22, 2015 ("2015 MOA"), which was ratified by the members of the Union on February 18, 2016, employees are required to submit wage and hour claims to a mediation and arbitration process. In relevant part, the 2015 MOA states:

> all claims brought by either the Union or Employees,[1] asserting violations of or arising under the Fair Labor Standards Act ("FLSA"), New York Home Care Worker Wage Parity Law, or New York Labor Law (collectively, the "Covered Statutes"), in any manner, shall be subject exclusively, to the grievance and arbitration procedures described in this Article. . . . All such claims if not resolved in the grievance procedure. . . or mediation. . . shall be submitted to final and binding arbitration before Martin F. Scheinman, Esq.

Because the arbitration provision also contains no temporal limitation, it covers claims, such as Plaintiff's, that have accrued prior to the execution or ratification of the 2015 MOA. *See e.g., Chan v. Chinese-American Planning Council Home Attendant Program, Inc.*, No. 15-cv-9605 (KBF) (S.D.N.Y. Feb. 3, 2016) (compelling arbitration on basis of same arbitration agreement (citing *Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.*, 198 F. 3d 88, 98-99 (2d Cir. 1999))).

Accordingly, because a valid agreement exists to arbitrate the claims asserted by Plaintiff in this Action, Defendant respectfully requests a pre-motion conference, if the Court deems it necessary, with regard to its anticipated motion to stay this Action pending arbitration.

Respectfully,

*/s Philip K. Davidoff*

PHILIP K. DAVIDOFF

---

[1] Paragraph 4 of the CBA defines "Employee" as "the employees in the bargaining unit covered by the Agreement as defined in this Article," which, as noted above, are "Home Health Aides and Personal Care Aides I and II ...."